In the Matter of the Application of ARTHUR McKINNEY, Appellant, for a Peremptory Mandamus Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.*

First Department, January 15, 1935.

*George H. Stover* of counsel [*John T. Walsh* with him on the brief; *George H. Stover*, attorney, counsel to the Transit Commission], for the appellant.

*Paxton Blair* of counsel [*Edmund L. Palmieri* and *Charles E. Hirsimaki* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

* Affd., 266 N. Y. 632.

MERRELL, J. The applicant, in 1921, was duly appointed to the position of assistant secretary to the Transit Commission after he had duly qualified therefor in accordance with the Civil Service Law and rules. The petitioner claims his salary for the last half of September, 1934, and asks that a mandamus order issue directing the comptroller of the city of New York to pay the same.

The Transit Commission is not a city body, but is a State body. (*Matter of McAneny* v. *Board of Estimate, etc.*, 232 N. Y. 377, 390.) Section 2 of article V of the State Constitution establishes a Department of Public Service, enumerated among other civil departments of the State in the State Departments Law. The State Public Service Law organized two State divisions, namely, the Public Service Commission, having jurisdiction outside the city, and the Transit Commission, having jurisdiction in the metropolitan district. Under subdivision 1 of section 5-a of the Public Service Law the Transit Commission has jurisdiction within the city of New York over railroads, street railroads, and stage or omnibus lines. (Public Service Law, § 5-a.) The Transit Commission exercises in respect to the aforesaid utilities regulatory powers of the State delegated to it by the Legislature under the Public Service Law, the Railroad Law, the Transportation Corporations Law, and the New York City Grade Crossing Elimination Act. The Transit Commission is charged with the supervision and administration of contracts entered into by the city under and pursuant to the Rapid Transit Act, and with the duty of preparing a plan for the unification of transit lines in the city of New York. The Transit Commissioners are appointed by the Governor of the State, by and with the consent of the Senate, and may be removed by the Governor. The Transit Commission is expressly empowered to employ officers, clerks, inspectors, experts and employees, and to fix their compensation. By legislative enactment, approved by the Governor on August 24, 1934 (Laws of 1934, chap. 900), and in effect October 1, 1934, the Transit Commission was authorized and directed by amendment of the Public Service Law to provide for the periodic inspection of all omnibuses operating or located within the city of New York, carrying passengers for hire, and having a carrying capacity of more than seven persons. The operation of any buses on or after October 1, 1934, not prominently displaying a certificate evidencing such inspection within the period of the preceding four months, is prohibited by the act. Upon the passage of chapter 900 of the Laws of 1934 it became necessary to make a complete inspection in order that such omnibuses might be operated on or after October 1, 1934. Therefore, on September 12, 1934, the Transit Com-

mission adopted a resolution, effective September 17, 1934, appointing seventeen inspectors of buses and fixing the salary to be paid to such inspectors. Said resolution fixed the salary of the appellant, to whom was assigned, in addition to the duties which he had theretofore performed, the duty of issuing to the owners and operators of such omnibuses the required certificates. The action of the Commission increased the appellant's salary from $6,000 to $6,450. The temporary reductions applicable to the salaries of other State employees have been applied by voluntary action of the Transit Commission, so that the scale of compensation of its own employees might accord with the policy adopted as to other State employees. By virtue of such reduction, the appellant's salary, as so adjusted, is payable in semi-monthly payments of $247.70. Subdivision 2 of section 14 of the Public Service Law, after providing that the salaries of the commissioners, secretary and counsel shall be paid out of the State treasury, provides as follows: " All other salaries and expenses of the transit commission shall be chargeable to the city in which such commission has jurisdiction, and shall be audited and paid as follows: The board of estimate and apportionment or other board or public body on which is imposed a duty, and in which is vested the power, of making appropriations of public moneys for the purposes of the city government in such city shall, from time to time, on requisition duly made by the transit commission, appropriate such sum or sums of money as such commission shall certify to be necessary to properly enable it to do and perform, or cause to be done and performed, the duties imposed upon it. Such appropriation shall be made forthwith upon presentation of such a requisition without revision or reduction and without the imposition of any conditions or limitations by such board or body, and such appropriation by it is hereby declared to be a ministerial act. If such board or body shall fail to appropriate such amount as such transit commission shall deem requisite and necessary, such commission may apply to the appellate division of the supreme court in the first judicial department, on notice to such board or body, for an order requiring such board or body to make such appropriation. The city shall not be liable for any indebtedness incurred by such commission in excess of such appropriation or appropriations. It shall be the duty of the comptroller or other ·chief fiscal officer of such city, after such appropriation shall have been duly made, to audit and pay the salaries and expenses of such commission chargeable to the city, upon vouchers therefor. For the purpose of providing funds with which to pay the said sums, the comptroller or other chief financial officer of said city, is hereby authorized and directed

to issue and sell revenue bonds of such city in anticipation of receipt of taxes and out of the proceeds of such bonds to make the payments in this section required to be made? The amount necessary to pay the principal and interest of such bonds shall be included in the estimates of moneys necessary to be raised by taxation to carry on the business of said city, and shall be made a part of the tax levy for the year next following the year in which such appropriations are made."

It appears from the foregoing that the Legislature determined that certain work should be done, and created the Transit Commission to do it. The Legislature, under its taxing power, required the board of estimate and apportionment of the city of New York to appropriate the necessary money to carry out the work. (*Gubner* v. *McClellan*, 130 App. Div. 716.) The Legislature authorized the Transit Commission to determine the necessary amount and to certify the same, and specifically required the board of estimate to appropriate such amount, " without revision or reduction and without the imposition of any conditions or limitations by such board," and declared such appropriation to be a ministerial act on the part of the board of estimate. In *Matter of McAneny* v. *Board of Estimate, etc.* (232 N. Y. 377, 386) the Court of Appeals stated that " The purpose of this provision in the act is obvious. It is to prevent the board of estimate and apportionment from defeating the purposes of the act by withholding appropriations." On September 28, 1934, the board of estimate, in response to a previous requisition from the Transit Commission, appropriated the sum of $205,500 to cover all salaries, including that of the appellant, and the expenses of the Transit Commission, for the period covered by the payroll involved in this proceeding. The sum thus appropriated was more than sufficient to cover all salaries and expenses of the Transit Commission. On September 28, 1934, the Transit Commission submitted to the comptroller of the city of New York the payroll, duly certified by the State Civil Service Commission, covering, among other items, the salary of the appellant and the other thirteen inspectors of buses for the last half of September, 1934. Under section 14 of the Public Service Law, above quoted, it thereupon became the duty of the comptroller to audit and pay the salaries and expenses of the Commission chargeable to the city upon vouchers therefor. In spite of this requirement, the comptroller held the payroll, without questioning or returning the same, until one of the bus inspectors, Herman Lehman, whose name appeared on the payroll, brought mandamus proceedings to compel the comptroller to audit and pay the amount due him as shown by the payroll. On October 19, 1934, the comptroller returned

the payroll to the Transit Commission, transmitting checks for all persons named in the payroll, except the appellant herein. Payment to appellant was refused upon the sole ground that the salary for his position had not been fixed by the board of aldermen under chapter 637 of the Laws of 1932. In this the comptroller was clearly in error, as the appellant established before the Special Term below that his salary had been fixed by the Transit Commission, and that the power of the board of aldermen, upon the recommendation of the board of estimate, to fix salaries under chapter 637 of the Laws of 1932, did not extend to the Transit Commission, and expired upon the termination of the " temporary emergency " and was clearly substituted and repealed by chapter 178 of the Laws of 1934, which conferred upon the local authorities no power to fix the salaries of employees of the Transit Commission. The learned justice at Special Term below properly found that the board of estimate had nothing to do with the fixation of the appellant's salary, and that when the Transit Commission fixes a salary it is the duty of the board of estimate to appropriate that sum. However, under an erroneous understanding on the part of the court that there was no appropriation from which the appellant could be paid, the court suggested that appellant's remedy was to apply to this court for an order requiring the board of estimate to appropriate the balance, and, on the ground that the Comptroller could not pay an amount for which no appropriation had been made, he directed the comptroller to pay at the old rate, and denied the application in all other respects. We think the court was entirely wrong in his belief that there had been no appropriation from which the appellant could have been paid. The court below clearly misinterpreted the statute. It is the Transit Commission itself, and not one of its officers, which is authorized to apply to this court for an order requiring the making of appropriations. (Public Service Law, § 14, subd. 2.) And where, as was the case here, such appropriation has already been made, it was unnecessary for any one to make application to this court. The appellant's petition alleges all of the appropriations made by the board of estimate to pay salaries and expenses of the Transit Commission for the year 1934, and alleged that " the funds representing the unencumbered balance of said appropriations in the custody of said Joseph D. McGoldrick and available for the payment of said salaries and expenses are ample and sufficient for the payment of your petitioner's salary for the period from September 17, 1934, to September 30, 1934, both dates inclusive." Such allegation contained in the petition was not denied in the answering affidavit of the comptroller, and is not now questioned. Thus, the decision of

the court below was undoubtedly.bad, and was entirely contrary to the record and facts. Having found, as the court below did, that the appellant was entitled to his salary as fixed by the Transit Commission, the court should have directed the comptroller to pay it. Undoubtedly the court would have done so, except for the misconception of the court in supposing that the appropriation was insufficient to enable the comptroller to pay it in full. The appellant's salary has been legally fixed and he is entitled to receive the same.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the peremptory order of mandamus granted, with fifty dollars costs, directing the comptroller of the city of New York to pay the salary of the petitioner as certified by the Transit Commission.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur.

UNTERMYER, J. (concurring in result). I am unable to concur in the opinion of Mr. Justice MERRELL because it decides that chapter 637 of the Laws of 1932 did not extend to the Transit Commission. It seems to me that the Transit Commission was included within the terms " officers and employees performing or engaged in state or county business or functions, whose compensation, wholly or in part, is paid out of the city treasury." I concur in the result, however, upon the ground that chapter 178 of the Laws of 1934, by transferring from the board of aldermen to the board of estimate and apportionment of the city of New York the power to fix salaries and at the same time omitting all reference to persons performing " State " functions, by implication repealed chapter 637 of the Laws of 1932. Thereafter only the salary of persons " performing or engaged in city or county business or functions " was subject to the control of the board of estimate and apportionment.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with fifty dollars costs. Settle order on notice.