Milo R. Maltbie et al., Constituting the Public Service Commission of the State of New York, Plaintiffs, *v.* Comprehensive Omnibus Corp., Defendant.

Supreme Court, Trial Term, New York County, November 25, 1947.

*Philip Halpern* and *Philip Hodes* for plaintiffs.

*Jacob I. Goodstein* for defendant.

Hofstadter, J. The Public Service Commission sues to recover the expense of an investigation of the accounts and records of the defendant corporation which took place between February 1 and August 31, 1945. The action is founded upon section 18-a of the Public Service Law, added in 1934, which directs that a public utility shall be charged with and pay such portion of the compensation and expenses of Public Service Commission employees as is reasonably attributable to such an investigation. The section is constitutional (*Bronx Gas & Elec-*

*tric. Co.* v. *Maltbie,* 268 N. Y. 278) and if applicable to the investigation at bar would require a judgment for the plaintiff for the full amount demanded in the complaint.

Defendant operates omnibuses exclusively in the city of New York. Prior to April 1, 1943, it was not under the jurisdiction of the Public Service Commission but was under the jurisdiction of the Transit Commission (Public Service Law, §§ 4, 4-b, 5, 5-a). While the Transit Commission had powers of investigation similar to that of the Public Service Commission (Public Service Law, §§ 45–48), the cost and expenses of the Transit Commission were paid in their entirety, with an exception not applicable here, by the City of New York (§ 14).

By chapter 170 of the Laws of 1943, which became effective on April 1, 1943, the Transit Commission was abolished and all functions and powers possessed by the Transit Commission were transferred to the Public Service Commission. Chapter 170 also contains the following provisions: " § 12. *Payment of expenses.* 1. Until the first day of July nineteen hundred forty-five the costs, except as affected by the provisions of section thirteen of this act, of rendering the services and performing the functions, powers, duties and obligations transferred and assigned to, assumed by and devolved by this act upon the state division shall be paid by the city in which such metropolitan division and transit commission had jurisdiction prior to the effective date of this act. * * *

" § 13. Notwithstanding any other provision herein contained, the cost of performing the functions, powers, duties and obligations of the metropolitan division and of the transit commission relative to railroad crossings at grade and their elimination, transferred and assigned to, assumed by and devolved by this act upon the state division shall continue to be paid in the manner heretofore provided by law, except that whenever such metropolitan division or transit commission is referred to or designated, expressly or by implication, in any such law, such references or designations shall be deemed to refer to such state division."

The right of the Legislature to impose such costs on the city is settled (*Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377; *Matter of McKinney* v. *McGoldrick,* 243 App. Div. 210, affd. 266 N. Y. 632).

The Court of Appeals has stated (*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634, 639, followed in *Saltser & Weinsier, Inc.,* v. *McGoldrick,* 295 N. Y. 499): " A statute must be read and given effect as it is written by the Legislature, not as

the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. A power not expressly granted by statute is implied only where it is ' so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature. The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt.' (*Peo. ex rel. City of Olean* v. *W. N. Y. & P. T. Co.,* 214 N. Y. 526, 529).''

It has been said (*Strauch* v. *Town of Oyster Bay,* 263 App. Div. 833): '' That which is not embraced within the exception must be deemed to be within the scope of the general rule. (*Matter of Hering,* 133 App. Div. 293, affd. 196 N. Y. 218; *Matter of Deth* v. *Castimore,* 245 App. Div. 156.) * * * The special law prevails over the general in the locality to which it applies. (*People ex rel. Leet* v. *Keller,* 156 N. Y. 90, 96.) '' Finally, as a matter of statutory construction, it is the rule that when some office or function can by fair construction be assigned to differing provisions of law, both must stand, though they were designed to operate upon the same general subject (*Woods* v. *Supervisors of Madison County,* 136 N. Y. 403, 409).

Bearing in mind the intent of chapter 170 of the Laws of 1943, to transfer the powers of the Transit Commission to the Public Service Commission but to continue, for a limited period, the obligation of the City of New York to pay the cost of discharging the functions so transferred, I must hold that section 18-a of the Public Service Law did not apply to defendants until July 1, 1945, and that defendants are not liable for the expenses incurred by plaintiffs until that date.

Plaintiffs' motions to strike are denied with an exception.

Judgment for plaintiffs for the expenses incurred beginning July 1, 1945, in the sum of $394.20, with interest from May 11, 1946.