
STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PLAINTIFF-PROSECUTOR, v. FELICIA P. KORNREICH, DEFENDANT-RESPONDENT.

Submitted October 7, 1947—Decided January 9, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-prosecutor, *Walter D. Van Riper (Joseph A. Murphy,* of counsel).

For the defendant-respondent, *Grabow & Phelan (M. Metz Cohn,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J.  *Certiorari* was allowed in this case to review the order of the First District Court of the City of Paterson quashing execution and preventing further execution to collect the judgment entered.

On complaint filed in the District Court the respondent was charged and convicted of practicing medicine without a license, in violation of *R. S.* 45:9–22. Being a second offense,

pursuant to *R. S.* 45:9–26 judgment was rendered for the statutory penalty of $500. Judgment of conviction was duly entered. The penalty was not paid and in compliance with the latter section the court ordered the respondent committed to confinement in the county jail for a period of thirty days unless the penalty and costs were sooner paid.

On May 31st, 1944, respondent was turned over to the sheriff under the terms of the commitment and on the same day she gave bond for the prison limits under *R. S.* 2:37–1, *et seq.* She was thereupon immediately discharged from custody and, in fact, has never been committed as ordered.

Subsequently, prosecutor obtained an execution for the collection of the judgment for the statutory penalty and costs against the property and person of the respondent, pursuant to *R. S.* 45:9–27. Rule to show cause with stay was allowed by the District Court and upon return the court entered the order herein concerned, declaring the execution issued out of said court illegal and of no effect and also ordering that no further executions be issued from said court against respondent in this matter. As a result, the judgment remains unpaid and unsatisfied.

Examination of the relevant statutory provisions concerning the illegal practice of medicine indicates the penalty imposed is a fine (*R. S.* 45:9–22), and only where that penalty is not paid may confinement by court order be made. *R. S.* 45:9–23, 26. Hence, confinement, though limited, was intended to be an aid in the collection of the penalty and not an alternative. Confinement for non-payment of a fine does not operate to discharge a defendant of his liability for the payment of the penalty. *Cf. David* v. *Blundell,* 40 *N. J. L.* 372; *United States* v. *Pratt,* 23 *Fed. Rep.* (2d) 333; *Grier* v. *Kennan,* 64 *Id.* 605; *Bazer* v. *Himmel,* 2 *N. Y. Suppl.* (2d) 855.

In addition to limited periods of confinement by court order, the legislature has also provided for recovery of the fine by execution against the personal property and body of a person convicted. *R. S.* 45:9–27 provides in part:

"Execution may issue for the collection of any judgment obtained under this chapter against the personal property and

body of the defendant without an order first obtained for that purpose."

This latter section must be construed together with R. S. 45:9–26. The former sets forth the rights of the prosecutor to enforce collection of judgment with costs, while the latter is directed to the court alone, mandatorily requiring the court without action on the part of the prosecutor to commit respondent to jail for a prescribed period for failure to payment of the fine imposed. Accordingly, the order of the District Court committing the respondent to confinement for thirty days did not deprive the prosecutor of its right to obtain execution against her property and person.

The question remains as to the application of the Prison Limits Act (R. S. 2:37–1, et seq.) to cases of the instant type. R. S. 2:37–5 provides as follows:

"Any person in actual confinement for debt or damages in any jail in this state may give bond for the prison limits as provided by section 2:37–2 of this title, and thereupon be discharged from imprisonment, except within such limits, notwithstanding any former verdict or judgment rendered against him on any application for the benefit of the provisions of chapter 35 of this title (section 2:35–1, et seq.)."

Penalties for injuries to the public are not within the definition of the word "debt" and there is no constitutional restriction on imprisonment for non-payment of such penalties. *Lowrie* v. *State Board of Dentistry*, 90 *N. J. L.* 54; *Boyer* v. *State*, 118 *Ohio* 582. The respondent was therefore not entitled to the benefits of R. S. 2:37–1, et seq., and her release on a prison limits bond did not constitute a lawful discharge from custody.

Judgment of the court below quashing execution and prohibiting further executions is reversed, but without costs.