STATE OF NEW JERSEY, PLAINTIFF, v. MAX ROSEN, DEFENDANT.

Passaic County Court
Law Division

Decided May 18, 1956.

364

*Mr. J. W. Noden,* attorney for the State.

*Mr. Benjamin S. Goldstein,* attorney for the defendant.

HINCHLIFFE, J. C. C. The plaintiff filed in the Municipal Court of the City of Paterson 19 complaints, dated January 25, 1954, charging the defendant as president and person in control of Victory Fabrics, Inc., with 19 violations of *R. S.* 34:11–4 and 34:11–6, in that the Victory Fabrics, Inc., did not pay the wages of employees named in each complaint earned between January 26 and February 5, 1953 and divers other days and dates.

Trial of the 19 complaints was held in said municipal court on the 25th day of January, 1954. On June 9, 1954 a judgment was entered in that court adjudging the defendant guilty of the offenses charged in all the complaints and imposed a sentence upon the defendant of a fine of $50 on each of the 19 complaints, or a total of $950. (It had been stipulated by counsel for the plaintiff and defendant at the trial that the complaint wherein James Ward was named as the aggrieved employee would be tried and that the decision in that case would be binding as to the remaining eighteen charges involving the other employees.)

The defendant filed an appeal. Pursuant to *R. R.* 1:2–12 and 5:2–6, a trial *de novo* was held before this court on April 27, 1956.

The testimony of the six witnesses offered by the plaintiff was that they had been employed by Victory Fabrics, Inc.,

in early February 1953; that they had not been paid the balance of wages due them at the time their employment ceased; and that the defendant herein was in charge and gave instructions from time to time as to the work to be done. Their testimony was not disputed.

The defendant testified there were no funds with which to pay the employees because Victory Fabrics, Inc. was in arrears of rent where said business was conducted, as a result of which the landlord distrained for rent on February 2, 1953. In the distraint all of the chattels of the corporation were levied upon and sold, leaving no surplus after the claim for rent was satisfied.

The corporation had conducted a "commission weaving" business and was paid by the yard for weaving the material being supplied by the customer. There were finished goods on the looms at the time of the distraint, and all of the wages owing to the employees at the time were contained in the goods which had been partially woven. Immediately upon the distraint being made, the owners of the goods came in and removed their property, and the only assets remaining in possession of the Victory Fabrics, Inc., was a small amount of cash in the bank which was later divided *pro rata* among the employees.

The matter thus resolves itself into three questions:

(1) Does the statute apply to a defendant, who, through economic circumstances, beyond his control, fails to pay the wages due his employees in accordance with *R. S.* 34:11-4, where there was no willful intent?; and

(2) Under such circumstances, is the plaintiff required to show, notwithstanding the action is civil, that the defendant willfully violated the provisions of the statute beyond a reasonable doubt; and

(3) Was not the landlord who instituted the proceedings for distraint of rent required to observe and comply with the provisions of *R. S.* 34:11-31?

■■ This action is for the recovery of a penalty and hence is a civil action. *White v. Borough of Neptune City,* 56 *N. J. L.* 222, 224 (*Sup. Ct.* 1893); *Brophy v. City of Perth Amboy,* 44 *N. J. L.* 217, 218 (*E. & A.* 1882). Notwithstanding that it is a civil action, it is, however, criminal

in nature, and one who is tried for a violation of a statute imposing a penalty, as here, must be treated as one accused of a criminal offense. *State v. McCarthy,* 30 *N. J. Super.* 6, 9 (*App. Div.* 1954). In that case the court said in connection with a prosecution of a defendant for a violation under the Motor Vehicle Act which in my opinion is analogous:

"Therefore our decisional law has insisted that proceedings in the prosecution of violators of *R. S.* 39:4–50 shall be so conducted as to respect and safeguard those basic rights normally to be accorded one accused of a criminal offense.

"It was announced in *State v. Matchok,* 14 *N. J. Super.* 359 (*App. Div.* 1951), that in such a proceeding the State has the burden of establishing the guilt of the defendant beyond a reasonable doubt. Can it be reasonably supposed that in such a proceeding the defendant can be required to testify against himself? *N. J. S.* 2A:81–5 and 6. Can he be deprived of the rights conferred upon an accused by *Article* 1, *paragraph* 10 of the *Constitution?* Would not a judgment of acquittal be final? *Vide, City of Newark v. Pulverman,* 12 *N. J.* 105 (1953)."

The Appellate Division in the *McCarthy* case cites *State v. Matchok,* 14 *N. J. Super.* 359 (*App. Div.* 1951), as authority for the proposition that the court in such proceedings must be satisfied beyond a reasonable doubt of the guilt of the accused. In order to emphasize this point, I quote from the *Matchok* opinion at *page* 360 of 14 *N. J. Super.*:

"* * * The burden of establishing the guilt of the defendant beyond a reasonable doubt was upon the State. The test is not whether our minds, as reviewing judges, are satisfied beyond a reasonable doubt of the guilt of the accused, but rather the state's evidence has proved his guilt beyond a reasonable doubt. If not, then a conviction does a manifest wrong, according to our system of jurisprudence."

Again, at *page* 363 of 14 *N. J. Super.* the court concluded:

"Accordingly, in our opinion, the State did not establish the guilt of the defendant beyond a reasonable doubt. The burden being upon the State, any reasonable doubt should be resolved in favor of the defendant. The judgment of conviction is reversed."

██ Did the defendant in this case have an intent to violate *R. S.* 34:11–4? The plaintiff made no such showing. The mere fact that employees were not paid their wages that were due does not *per se* brand the defendant as willfully refusing to pay and thus being guilty of a violation of the statute. The testimony of the defendant that the employees would have been paid had the landlord not distrained for rent and seized all of the goods and chattels and assets of the Victory Fabrics, Inc. stands uncontradicted. The wages of the employees; the product of their work, was in the looms at the time of seizure by the landlord. The corporation was a victim of economic distress and the results were so far as the evidence is concerned, beyond its control. Again, there was no evidence offered by the plaintiff to show any fraud in disposing of any assets of the corporation by the defendant or any of its officers or agents. Subjecting the facts before the court in the case *sub judice* to the test laid down in *State v. McCarthy, supra,* and *State v. Matchok, supra,* this court is of the opinion that the plaintiff failed to sustain the burden of proving and establishing the guilt of the defendant beyond a reasonable doubt.

It would certainly be a manifest wrong to find the defendant guilty or award a judgment against him for a penalty where there is no showing of any intent to commit the violations complained of. A further compelling reason for considering the case at bar as *quasi* criminal and putting the proofs to the test laid down in the above entitled cited cases, is the manner of enforcing the judgment, prescribed by *R. S.* 34:11–7 as amended and *N. J. S.* 2A:58–4. If the defendant is unable to pay the penalties imposed by the court, a body execution will issue against the defendant for a term not to exceed one hundred days.

I believe that Questions 1 and 2 are thus disposed of.

██ As to the third question, namely, was the landlord not obliged after distraining for rent and seizing the goods and chattels of the Victory Fabrics, Inc., to observe the provisions of *R. S.* 34:11–31? A reading of this entire chapter dealing with wages clearly indicates the intent of

the Legislature in enacting these statutes, it was the intent to make wages earned by employees a paramount claim to all others upon the assets of the employer. This section must be read *in pari materia* to *R. S.* 34:11–4 and the remaining sections of the chapter. *In re Huyler*, 133 *N. J. L.* 171, 173 (*Sup. Ct.* 1945). The court said:

"It is a primary canon of construction that the provisions of statutes *in pari materia* shall be reconciled and harmonized, if possible, into a consistent, homogeneous whole. *Crater v. County of Somerset*, 123 *N. J. L.* 407; *Broderick v. Abrams*, 116 *N. J. L.* 40. This rule is in aid of the discovery of legislative intent, and its application is circumscribed accordingly. The effectuation of the legislative will is the end to be served in the exposition of statutes; and this of necessity calls for an accommodation of apparent conflicts to advance the essential statutory policy, giving to each clause a meaning not in opposition to the related provisions, if that is reasonably consonant with the terms employed to voice the legislative design. The literal import of the terms ofttimes gives way to the outstanding legislative purpose, considering the particular statute in relation to statutes *in pari materia*. * * *"

Assuming for argument sake that the two sections are contradictory, which in the opinion of this court they are not, the end result would be the same, in the opinion of this court. The principle is laid down in the *Huyler* case, that if there are two contradictory provisions in a statute, the primary object is to ascertain the legislative design with reasonable certainty. *Hackensack Water Co. v. Division of Tax Appeals*, 2 *N. J.* 157, at *page* 165 (1949); *Turon v. J. & L. Construction Co.*, 8 *N. J.* 543, at *page* 557 (1952).

Certainly if section 34:11–31 had been observed by the landlord, the plaintiff would have had no cause of action in the case *sub judice*. The plaintiff offered no evidence at the trial to show that the landlord had even made any attempt to learn whether there were any wages due employees. If the provision of the statute is to apply at all, it should apply in the case at bar.

As to the question of jurisdiction of this court, I believe the statute clearly confers jurisdiction.

I have not considered the question raised by the plaintiff at the trial as to whether stipulations made by the parties

in the prior trial of the cause in the Municipal Court of the City of Paterson, can be admitted and considered in the trial of this cause *de novo* before this court, because I have otherwise disposed of the entire matter as above.

Accordingly, I find in favor of the defendant against the plaintiff, "no cause for action" and the judgment heretofore entered in favor of the plaintiff against the defendant in the Municipal Court of the City of Paterson is reversed and for nothing holden. An order should be presented in accordance with this decision.