52 N.J. Super. 135 (1958)
145 A.2d 40
O'DOWD'S DAIRY, A CORPORATION OF NEW JERSEY, RESPONDENT-APPELLANT,
v.
FLOYD R. HOFFMAN, DIRECTOR, OFFICE OF MILK INDUSTRY, PETITIONER-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1958.
Decided October 7, 1958.
*136 Before Judges PRICE, SCHETTINO and GAULKIN.
Mr. Edward J. Gilhooly argued the cause for respondent-appellant (Messrs. Gilhooly, Yauch & Fagan, attorneys).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for petitioner-respondent (Mr. David D. Furman, Attorney General).
The opinion of the court was delivered by GAULKIN, J.A.D.
O'Dowd's Dairy (hereafter called O'Dowd's) appealed "from the whole of the final decision, determination and order of the Director of the Office of Milk Industry dated February 13, 1958." That order followed a hearing before the Director, held pursuant to an order to *137 show cause issued by him, which called upon O'Dowd's to show cause why its license to engage in the milk business should not be suspended or revoked. It was charged in that order to show cause that O'Dowd's had violated various sections of the milk control law (N.J.S.A. 4:12A-1 et seq.) and two "official orders" of the Office of Milk Industry (OMI) adopted pursuant thereto.
At the hearing before the Director OMI was represented by a deputy attorney general, and O'Dowd's by its counsel. Each side called witnesses who were examined and cross-examined. The Director then rendered the decision appealed from. In it he concluded:
"After consideration of the facts presented at the hearing, I find O'Dowd's guilty of violating Order 1 and Order 56-2. I impose a penalty on it of $50 plus the cost of the hearing. In addition, I order it to pay all producers at least the minimum price for the period of February, 1957 as indicated on the auditor's report it received with the Order to Show Cause in this case within 30 days of receipt of this determination, or in the alternative, its license will be revoked."
Said Order 1 requires dealers to account to producers on a monthly basis, and Order 56-2 fixes a minimum price to be paid to producers for Class I milk.
O'Dowd's appealed on the grounds that (a) the Director had no jurisdiction to order appellant to pay money to the farmer producers; (b) the Director had no authority to impose a penalty of $50, and (c) the Director had no authority to assess the cost of the hearing upon appellant. After oral argument the parties amicably agreed upon the amount to be paid to the producers and ground of appeal (a) above mentioned was withdrawn. Therefore this opinion will deal only with the remaining questions.
In Sherry v. Schomp, 31 N.J. Super. 267 (App. Div. 1954), this court held the Director has no authority to impose the monetary penalties fixed by N.J.S.A. 4:12A-39. The Director says that holding was not necessary for the decision in the Sherry case and therefore was dictum, and he asks us to reconsider and reverse that holding. He *138 advances the arguments which will be dealt with hereafter, which he says he was not afforded an opportunity to present in the Sherry case.
N.J.S.A. 4:12A-39 provides:
"Any person who shall violate any of the provisions of this act or the orders, rules and regulations of the director as adopted from time to time shall be deemed guilty of a violation of the provisions of this act and shall pay a penalty of not more than fifty dollars ($50.00) for the first offense and not more than two hundred dollars ($200.00) for the second, or each subsequent offense, and such penalty when collected shall be paid to the Treasurer of the State of New Jersey and become a part of the general fund of the State of New Jersey."
N.J.S.A. 4:12A-41 provides:
"The County Courts and the county district courts shall have jurisdiction of actions for penalties under this act and such penalties shall be collected and enforced in a summary manner pursuant to the `penalty enforcement law' (Sec. 2A:58-1 et seq.). If judgment be rendered for the plaintiff and the defendant fail forthwith to pay the amount of the judgment and the costs and charges incident thereto, said defendant may be committed to the county jail for any period not exceeding one hundred days."
The Director argues "that section 39 intends that the finding whether a regulation has been violated, and if so, the determination of the amount of the penalty within the statutory limits, are to be made by the Director with the aid of his expertise. The grant of jurisdiction to the county and district courts under section 41 merely provides machinery for collection, a means of getting a writ of execution into the sheriff's hands. In such an action, the only issue should be the regularity of the proceeding before the Director."
No authority is cited to support this argument, and the analogies the Director seeks to draw from other sections of this and other statutes are not convincing. The Penalty Enforcement Law (N.J.S.A. 2A:58-1 et seq.) governs the enforcement of penalties under all statutes similar to N.J.S.A. 4:12A-39. Dept. of Labor & Industry v. Rosen, 44 N.J. Super. 42, 48 (App. Div. 1957). The annotation *139 under N.J.S.A. 2A:58-1 et seq. lists 15 other statutes which provide for the collection of penalties for their violation by proceedings under this law, yet not one of them has been construed as the Director would construe N.J.S.A. 4:12A-39, even though the language in those statutes is quite similar. Counsel for the Director admitted at the oral argument that he knew of no statute which gave any administrator or board the power contended for here, to compel a court to enter judgment, issue execution, and jail defendant for a penalty the amount of which is fixed by the complainant, and to forbid the court from inquiring into defendant's guilt or the reasonableness of the penalty.
OMI is an arm of the executive. Laying aside the constitutional and other difficulties which a court would have with a statute that so provided in unmistakable terms (cf. Wilentz ex rel. Golat v. Stanger, 129 N.J.L. 606-608 (E. & A. 1943)) it goes without saying that we should not by way of construction add such extraordinary limitations upon freedom to a statute that does not expressly contain them.
Whatever inferences can be drawn from the history of N.J.S.A. 4:12A-39 and 41 are against rather than for OMI's position. N.J.S.A. 4:12A-39 was adopted as section 39 of the Laws of 1941 (c. 274, p. 732), and has remained unchanged since that time. Section 41 of that same act provided that the courts therein specified were empowered "upon the filing of a complaint, in writing, duly verified * * * that any person has violated any of the provisions of this act, to issue process at the suit of the director of milk control as plaintiff, * * * such process shall state what provisions of the law and orders and rules and regulations are alleged to have been violated by the defendant or defendants, and on the return of such process or at any time to which the trial should be adjourned, the said court shall proceed in a summary manner, without a jury, to hear testimony and to determine and give judgment in the matter * * * either for the plaintiff, for the recovery of such penalty, with costs, or for the defendant."
*140 Section 42 of the same act (L. 1941, c. 274, p. 734) set forth the form of conviction. That section required that the form recite "that the witnesses in said proceeding who testified for the plaintiff were (name them), and the witnesses who testified for the defendant were (name them)." Said section 42 also provided (L. 1941, c. 274, p. 39) "The costs recoverable in any such proceeding shall be the same as costs taxed in actions in said courts and shall be recovered in the event of the conviction of the defendant." (Emphasis added.)
In 1953 section 41 was amended by L. 1953, c. 5, p. 39, sec. 36 (N.J.S.A. 4:12A-41) to read as quoted above. This act was one of the many passed by the Legislature to conform old statutes to the new court system, and to relegate as many procedural matters as possible to the rules. That amendment eliminated all the procedural details from section 41, and those details have since been supplied by N.J.S.A. 2A:58-1 and the rules  R.R. 7:13-1 to 17; R.R. 5:2-6; County District Court Forms 11, 12 and 13. Clapp, 8 Rutgers L. Rev. 20, 21. The provisions of these rules are substantially similar to the procedural provisions that were eliminated from section 41.
Chapter 5 of the Laws of 1953, which amended section 41 in the manner above set forth, also amended numerous sections of other penalty statutes concerning agriculture and domestic animals to make the procedure thereunder the same as under N.J.S.A. 2A:58-1, to be enforced at the suit of administrators who have as much right to claim expertness as the Director. There is no reported instance in which any such administrator has ever claimed, under chapter 5 of the Laws of 1953, or under any other statute before or since, the power demanded here by the Director. Though that, of course, is not conclusive, it does suggest that the construction argued for here is contrived rather than ingenious.
We therefore adhere to Sherry v. Schomp and hold that the Director has no power, under N.J.S.A. 4:12A-39, to impose the penalty of $50.
*141 If "the cost of the hearing" which the Director ordered O'Dowd's to pay was intended by the Director as an incident of the imposition of that penalty, it falls with the penalty, for if the Director had no authority to assess the penalty he had no authority to assess costs as an incident thereof. In 1941 said section 41 (L. 1941, c. 274, p. 733) provided that the "court shall * * * give judgment * * * with costs," and section 42 provided that the costs "shall be the same as costs taxed in actions in said courts." As we have seen, said chapter 5 of the Laws of 1953 repealed section 42 of the 1941 act altogether, but other statutes were enacted to provide for the imposition of costs by the courts, in proceedings under section 41. See N.J.S.A. 4:12A-41, 45; N.J.S.A. 22A:2-44; R.R. 7:13-16. Cf. N.J.S.A. 4:12A-18. No statute gives such power to the Director.
The Director contends that even if he has no right to impose costs under N.J.S.A. 4:12A-39 he does have the right to do so as a "reasonable condition on the renewal of a license" under N.J.S.A. 4:12A-35. He cites no authority for this proposition. In every case that has been brought to our attention in which the costs or expenses of an investigation by an administrative body have been assessed against the corporation involved it has been done under the express terms of a statute. 73 C.J.S. Public Administrative Bodies and Procedure § 24, p. 318; § 91, p. 410. Cf. Maltbie v. Comprehensive Omnibus Corp., 190 Misc. 1017, 75 N.Y.S.2d 260 (Sup. Ct. 1947). The Director admits the statute does not expressly give him this authority, but he argues that he has it by implication.
Even under the most liberal construction of the broad and potent powers given the Director under this statute (Lane v. Holderman, 23 N.J. 304, 315 (1957); In re Port Murray Dairy Co., 6 N.J. Super. 285, 301 (App. Div. 1950)), no right to impose costs can be implied therefrom. The power to impose costs is not "fairly and reasonably necessary or appropriate" to make the Director's express powers effective. Cf. Lane v. Holderman, supra. It can not be argued that *142 these costs are necessary to help defray the expenses of the Director's investigations and hearings, for the costs are paid to the State Treasurer and become part of the general revenues of the State. N.J.S.A. 4:12A-39, 45. Nor is the collection of such costs necessary to enable the Director to carry out his functions other than investigatory. He has drastic powers with which to enforce the law  far more compelling than penalties under section 39. He may suspend or revoke a license. N.J.S.A. 4:12A-35. He may seize products produced or handled in violation of the law (N.J.S.A. 4:12A-39), and he may proceed in the Superior Court against chronic violators by injunction. N.J.S.A. 4:12A-44. On the other hand, he may informally adjust violations (N.J.S.A. 4:12A-43), in which case he may collect the sum the violator agrees to pay. If these powers are not sufficient, the remedy lies with the Legislature. The Director may not impose as a condition of renewal that which he has no power to demand during the life of the license.
For the foregoing reasons so much of the order appealed from as imposes a penalty of $50 and costs is set aside.