Owen McGivern, J.
This is an article 78 proceeding to direct respondent to grant to petitioner prior service credit for the service petitioner had rendered for the Transit Commission. In such employment covering the period from April 4,1927 to September 8,1936, petitioner’s salary was paid by the City of New York and she was during that period a member of and contributed to the New York City Employees’ Retirement System. In September, 1936, petitioner was appointed a school clerk, by the New York City Board of Education, and thereupon became a member of the New York City Teachers’ Retirement System administered by respondent. In November, 1936 she applied for service credit of over nine years for her prior service with the Transit Commission. In June, 1937 the respondent made a determination disallowing petitioner’s demand for service credit because such service had been rendered by the petitioner as an employee of a State agency to which she had been appointed by certification of the State Civil Service Commission.
In January, 1938 petitioner wrote to respondent requesting reconsideration of its refusal to grant her credit for her prior *43 service with the Transit Commission. This was refused by respondent in February, 1938.
The Transit Commission was not a city body, but was a State body (Matter of McKinney v. McGoldrick, 243 App. Div. 210; Matter of McAneny v. Board of Estimate, 232 N. Y. 377, 390; Matter of Bacom v. Conway, 294 N. Y. 245).
Service in the Transit Commission was State rather than city service (Matter of Bacom v. Conway, supra).
Neither the fact that the City of New York paid petitioner’s salary nor the fact that petitioner was a member of the New York City Employees’ Retirement System during the period of her employment with the Transit Commission changed the character of her services with the Transit Commission from State service to city service. As was pointed out in Matter of Bacom (supra, p. 252):
" The fact that the City of New York paid interveners’ salaries is not determinative. The salaries were fixed by the Transit Commission and not by the City. (Public Service Law, §§ 13, 14; Matter of McKinney v. McGoldrick, 266 N. Y. 632; Matter of Powers v. La Guardia, 292 N. Y. 695.) They were paid by the City as a matter of State administration. (Public Service Law, § 14, subd. 2.) One may be in State service and yet be paid by a city. * * *
“ Nor is the fact that the interveners are members of the city retirement system determinative. The city retirement system was created to provide ‘ a retirement system for officers and employees whose compensation in whole or in part is payable out of the treasury of the city of New York ’ (L. 1920, ch. 427). It was not for officers and employees of the city exclusively.”
Chapter 20, Title B of the Administrative Code of the City of New York, known as the New York City Teachers’ Retirement Law defines city service as service as an employee of the city or of any department, bureau, board or corporation thereof, or of the counties within the city; prior service shall mean all city-service; and that in computing the length of service of a contributor full credit shall be given for all city services.
On the other hand, under Chapter 3, Title B of the Administrative Code, known as the New York City Employees’ Retirement Law, a different definition of city service is given which includes service whether appointed or elected, as an officer or employee of the City or State of New York, of any agency thereof and of any court, so far as such service is paid for by the city, or service, by any person, in any county office, paid for in whole or in part by the city.
*44 A comparison of the respective definitions of city service in the New York City Employees’ Retirement Law and in the New York City Teachers’ Retirement Law clearly evidences the legislative intent to make the service of State employees, as in petitioner’s category, not creditable for retirement purposes in the New York City Teachers’ Retirement System.
In view of this disposition, it is not necessary to pass on the question whether the proceeding is time barred or petitioner is guilty of laches.
Accordingly, the application is denied and the petition is dismissed.