GO-LIT REALTY COMPANY, OF NEW JERSEY, RELATOR, v. THE CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, AND JOSEPH J. McGURK, RESPONDENTS.

Argued May 4, 1938—Decided August 27, 1938.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the relator, *Leo S. Sullivan* (*Donald M. Waesche,* of counsel).

For the respondents, *James A. Hamill* (*Frank P. McCarthy,* of counsel).

PER CURIAM.

The relator, seeking cancellation of certain taxes for 1935 and 1936, was awarded an alternative writ of *mandamus*. The respondents filed a return to which relator demurs. From the pleadings the following facts indisputably appear.

On January 7th, 1937, the relator, having contracted to purchase lots D and 5, block 280, on the official assessment map of Jersey City, applied for and received, after the payment of the required fee, an official tax search which certified that there were no unpaid taxes or assessments or other municipal liens upon the aforesaid premises. Relying upon the said search, the relator purchased the said premises. Subsequently the city claimed a lien for some unpaid taxes for the year 1935, and it also appears that there is still pending an undetermined tax appeal from the assessment for the year 1936. The assessments laid upon the property were reduced by the county board of taxation. The taxing authority appealed to the State Tax Board seeking a reversal of the judgment of the county board and a reinstatement of the assessment originally laid.

The statute (*Rev. Stat.* 54:5-17) provides that "a person who shall acquire for a valuable consideration an interest in lands covered by an official tax search, in reliance on that search, shall hold such interest free from any municipal lien held by the municipality not shown on that search."

The position taken by the taxing authority is that the assessment levied against the property in question for the year 1935 and 1936, was reduced by the county tax board; that the assessment as reduced was corrected on the official tax books; that these taxes representing the reduced assessments were paid; that thereafter the taxing authority appealed the judgment of the county board to the State Board of Tax Appeals, and that therefore there were no municipal liens for those taxes open on the city's tax books on January 7th, 1937, when the official tax search was given to the relator, who subsequently, on January 18th, purchased the said property.

We think the position taken by the respondents is too narrow and that the relator was entitled to be apprised, in the search which was returned by the taxing authority, of the fact that the assessment, as reduced by the county board, was challenged by the taxing authority and that an appeal had been or was about to be taken.

The legislative intent in passing the statute mentioned above certainly was to provide that the certification as to outstanding liens was one on which the intending purchaser might act with safety. It was the duty of the respondents to state the situation on the search and that the judgment reducing the assessment was under appeal or was shortly to be taken up on appeal.

A peremptory *mandamus* is awarded.