46 N.J. Super. 418 (1957)
134 A.2d 775
ADELINE M. HANCOCK, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, NEW JERSEY DEPARTMENT OF LABOR AND INDUSTRY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 26, 1957.
Decided October 3, 1957.
*419 Before Judges FREUND, CAFIERO and ARTASERSE.
Miss Adeline M. Hancock appeared pro se.
*420 Mr. Edward A. Kaplan argued the cause for the respondent, Board of Review (Mr. Clarence F. McGovern on the brief).
The opinion of the court was delivered by CAFIERO, J.S.C. (temporarily assigned).
This is an appeal from a decision of the Board of Review which found that the appellant was entitled to weekly unemployment benefits of $18. The Board held that under the law she was entitled to benefits only from her most recent employment.
Appellant contends that although she worked for two corporations, and her unemployment from one preceded the other, she had only one employer and that her total wages should be used as a basis in determining her weekly benefits.
The facts are not in dispute. Appellant was hired in the latter part of October 1955 by one Girard Keller to work as an assistant bookkeeper. She testified: "I worked Monday, Tuesday and a half a day Wednesday at the Ranch House, and Wednesday afternoon, Thursday and Friday at the Acres. The salary was $25.00 from each place, plus lunch, which was equivalent to $55.00 a week." The Ranch House was the name of a restaurant in Convent, New Jersey, which was owned and operated by The Timbers, Inc.; and the Acres was the name of another restaurant in Whippany, New Jersey, which was owned and operated by the Rod's Acres Corporation. Both corporations operated as separate entities, although they were owned and controlled by the same individual or individuals; and were both under the direct management of Mr. Keller. The corporate records of appellant's employers filed with the respondent Division show that the cash payments of appellant's salary were charged as $25 weekly against each of the two corporations; and in supplying information to the Division upon appellant's claim for benefits, Mr. Keller furnished the information in behalf of The Timbers, Inc., which operated Rod's Ranch House, and indicated his official position was treasurer. The *421 information in behalf of Rod's Acres Corporation was supplied by M.L. Peters, who gave her official position as "bookkeeper."
Appellant's employment with The Timbers was terminated on May 2, 1956, and by Rod's Acres on May 4, 1956. She had established 28 base weeks with the former and 27 base weeks with the latter.
The question thus presented is whether an individual who works full-time, but divides her time between two employers is entitled to be paid benefits on the basis of the total earnings; or whether, the benefit amount is based only on the wages earned with the employer for whom the services are actually performed on the last calendar day, within the base year.
We agree with the statement of the Board of Review that the answer depends upon a careful reading of the highly technical language of the statute and, if the statute be clear, we must follow it regardless of the result. Alexander Hamilton Hotel Corp. v. Board of Review, 127 N.J.L. 184 (Sup. Ct. 1941).
The court's duty is to construe a statute and not to write into it conditions or qualifications. That is a legislative function. Department of Labor and Industry v. Rosen, 44 N.J. Super. 42 (App. Div. 1957). We are not unmindful of the fact that the beneficent object of this statute is to minimize loss to workers by unemployment compensation benefits. However, we may not accomplish that desired result by extending the application of the statute to factual situations not covered by its provisions. Texas Co. v. Unemployment Compensation Commission, 132 N.J.L. 362 (Sup. Ct. 1945).
"Where wording of statute is explicit and clear, the court is not free to indulge in presumption arising from extrinsic evidence that the Legislature intended something other than that which it actually expressed, and except where uncertainty and ambiguity appear, a statute must speak for itself and must be construed according to its own terms." Rosenthal v. State Employers' Retirement System, 30 N.J. Super. 136 (App. Div. 1954).
*422 The pertinent sections and subsections of the statute are: N.J.S.A. 43:21-3(c)(2) which provides:
"With respect to an individual whose benefit year commences on and after October 1, 1955, and whose average weekly wage does not exceed $45.00, his weekly benefit rate under each benefit determination shall be 2/3 of his average weekly wage; * * *"
N.J.S.A. 43:21-19(u) provides:
"`Average weekly wage' means the amount derived by dividing an individual's total wages received during his base year base weeks from that most recent base year employer with whom he had established at least 17 base weeks, by the number of base weeks in which such wages were earned. * * *" (Emphasis supplied.)
N.J.S.A. 43:21-19(t) provides:
"`Base week' means any calendar week of an individual's base year during which he earned in employment from an employer remuneration equal to not less than $15.00; provided, if in any calendar week, an individual is in employment with more than 1 employer, he may in such calendar week establish a base week with respect to each such employer from whom the individual earns remuneration equal to not less than $15.00 during such week. (Emphasis supplied.)
This subsection merely defines a base week and permits an individual to establish a base week with more than one employer so that he may have the statutory required number of weeks in his base year to qualify for benefits.
N.J.S.A. 43:21-19(x) provides:
"`Most recent base year employer' means that employer with whom the individual most recently, in point of time, performed services in employment in the base year." (Emphasis supplied.)
The facts are clear that the employer with whom the appellant most recently in point of time performed services in employment in the base year was the Rod's Acres Corporation, and under existing law the Division can only deal with one employer's wages at a time. This is borne out by N.J.S.A. 43:21-6(b)(2):
*423 "Procedure for making initial determinations with respect to benefit years commencing on or after January 1, 1953.
"A representative or representatives designated by the director of the division and hereinafter referred to as a `deputy' shall promptly examine the claim, and shall notify the most recent employing unit and, successively as necessary, each employer in inverse chronological order during the base year. Such notification shall require said employing unit and employer to furnish such information to the deputy as may be necessary to determine the claimant's eligibility and his benefit rights with respect to the employer in question, and such notification shall also provide the most recent chargeable employer in the base year with the name and address of the most recent employing unit of the claimant."
N.J.S.A. 43:21-19(v) provides:
"`Initial determination' means, subject to the provisions of R.S. 43:21-6(b) and (3), a determination of benefit rights as measured by an eligible individual's base year employment with a single employer covering all periods of employment with that employer during the base year. Subject to the provisions of R.S. 43:21-3(d)(3) if an individual has been in employment in his base year with more than 1 employer, no benefits shall be paid to that individual under any successive initial determination until his benefit rights have been exhausted under the next preceding initial determination."
The agency, therefore, properly bases its benefit determination on the wages earned with Rod's Acres Corporation who was appellant's most recent employer.
It would appear therefore, that although an individual who earns $1,400 in a base year with one employer is entitled to full benefits, one who earns the same amount with two employers gets only a reduced amount of benefits under the first determination. If unemployment is prolonged, the claimant may later get benefits under a second determination based on earnings with the other employer; but if unemployment is short, he loses. That matter has been clearly decided by the Legislature and we have no power to change it.
Appellant's claim that she had one employer is untenable. The mere fact that she was hired by Mr. Keller and was accountable to him or to his management does not establish a sole employer. In fact, Mr. Keller himself was *424 an employee. It was held in Paramus Bathing Beach v. Division of Employment Security, 31 N.J. Super. 128 (App. Div. 1954), that a relationship of employer and employee existed between the corporation and its president, vice-president, secretary and treasurer, so that the corporation was "employer" within Unemployment Compensation Law. Nor does the fact that the appellant's two employers were owned and controlled by the same individuals make the two firms into a single entity. Each was itself subject to the provisions of the Unemployment Compensation Law. The "joint ownership" provision (N.J.S.A. 43:21-19(h)(4) operates only to include an otherwise non-subject employing unit. N.J.S.A. 43:21-7(c)(2) authorizes the establishment of joint accounts by two or more employers. Employers may merge their accounts for the benefit of employees if desired. The statute permits such action upon application by the employer; but it does not provide for compulsory action upon application by the employees.
While the present status of the law may seem to create hardship, as in this case, the court cannot over-step its judicial function of adjudication in order to "write in" something which the legislature may intentionally have omitted. Carley v. Liberty Hat Mfg. Co., 81 N.J.L. 502, 507 (E. & A. 1910); Duke Power Co. v. Patten, 20 N.J. 42 (1955); Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956); Dept. of Labor and Industry v. Rosen, 44 N.J. Super. 42 (App. Div. 1957).
The decision of the Board of Review is affirmed.