ROSEMARY SCHATZ, APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY AND UNITED AIRLINES, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 5, 1981—Decided February 4, 1981.

Before Judges ALLCORN, KOLE and PRESSLER.

*Rosemary Schatz*, appellant, argued *pro se.*

*Donald M. Palombi*, Deputy Attorney General, argued the matter for the respondent, Board of Review (*John J. Degnan*, Attorney General of New Jersey, attorney; *Michael S. Bokar*, Deputy Attorney General, of counsel; *Donna J. Kelly*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

PRESSLER, J. A. D.

This appeal from a determination of the Board of Review raises a novel question concerning the manner of calculating unemployment compensation benefits where successive employments are involved.

Claimant Rosemary Schatz had been employed by United Airlines for a 13-week period from January 3, 1979 to April 6, 1979 when she was laid off because of lack of work. Her United Airlines salary had been calculated on the basis of an hourly rate and during the 13-week period she earned a total of $2,230.27 for a weekly average of about $171. Her employment immediately preceding the United Airlines employment was as a part-time

waitress, work she had done for about five years and at a substantially lesser salary than she had earned in her United Airlines job. The waitress employment had terminated some three months prior to the commencement of the United Airlines job. It is not disputed that claimant is entitled to unemployment compensation benefits by reason of her loss of the United Airlines job. The question rather is the amount of the weekly compensation to which she is entitled.

It was the view of the Appeal Tribunal, concurred in by the Board of Review, that claimant's benefits were required to be based upon the average weekly salary she had earned in her last 23 weeks in her waitress job, to the complete exclusion of her significantly greater United Airlines salary. The Appeal Tribunal reached this conclusion on the basis of its reading of the applicable statutory provisions and we are convinced, for the reasons hereafter set forth, that that reading was in error.

*N.J.S.A.* 43:21–3(c) provides generally that the weekly benefit rate for a qualified claimant shall be two-thirds of his average weekly wage, subject to a maximum of 50% of the statewide average weekly remuneration paid to workers as determined by the Commissioner of Labor and Industry.[1]  *N.J.S.A.* 43:21–19(u) defines average weekly wage as

> * * * the amount derived by dividing an individual's total wages received during his base year base weeks (as defined in subsection (t) of this section) from that most recent base year employer with whom he has established at least 20 base weeks, by the number of base weeks in which such wages were earned. In the event that such claimant had no employer in his base year with whom he had established at least 20 base weeks, then such individual's average weekly wage shall be computed as if all of his base week wages were received from one employer and as if all his base weeks of employment had been performed in the employ of one employer.

Base year is defined by *N.J.S.A.* 43:21–19(c) as the "52 calendar weeks ending with the second week immediately preceding an individual's benefit year," and base week is defined in *N.J.S.A.* 43:21–19(t) as any calendar week in the base year in which the employee earns at least $30.

---

[1]We are advised that the present weekly maximum is $133.

The Appeal Tribunal fixed the claimant's base year as the period from April 2, 1978 to March 31, 1979. During that period, she had worked as a waitress for 23 weeks at an average weekly salary of $57, and thereafter she had worked at her United Airlines job for 13 weeks at an average weekly salary, as noted, of $171. Reading *N.J.S.A.* 43:21–19(u) literally, the Appeal Tribunal held that since the United Airlines employment had lasted less than 20 weeks, the waitress job constituted the most recent employment during the base year in which at least 20 base weeks were established. Thus, it concluded that the waitress employment was the mandated and exclusive basis for fixing the weekly benefit rate. Accordingly, it fixed that weekly benefit rate at $38, two-thirds of the $57 average weekly wage.

■ Claimant argues that the weekly benefit rate should have been based on her United Airlines average weekly salary, two-thirds of which is $114. We agree. The basis of claimant's contention is *N.J.S.A.* 43:21–4(e), which prescribes the performance of a minimum work effort during the base year as a condition of eligibility for the receipt of any unemployment compensation benefits. As originally enacted, that provision required that a claimant establish at least 20 base weeks during the base year as a prerequisite to eligibility. In 1977, the section was amended by *L.*1977, c. 307 to add an alternative criterion to the 20-week minimum, namely, total earnings within the base year of at least $2,200. The intendment of the 1977 amendment of *N.J.S.A.* 43:21–4(e) is self-evident, namely, to confer eligibility on an otherwise eligible claimant who has not worked for 20 base weeks in the base year provided he has earned at least $2,200 during the base year.

As we have noted, claimant earned in excess of $2,200 during her 13-week employment with United Airlines. She urges, therefore, that had she not worked during the previous 23 weeks in the part-time waitress job, she would nevertheless have achieved eligibility for unemployment compensation benefits based solely on the total amount of her United Airlines salary.

She urges, moreover, that in that event, her weekly benefit rate would have been calculated on the basis of that salary. The Board of Review concedes that this is so and consequently that if claimant's sole employment during the base year had been her 13-week stint at United Airlines, her weekly benefit rate would have been $114 rather than $38.

We agree with claimant that there are no considerations of statutory language, common sense, logic or public policy which would justify permitting so severe a financial penalty to attach to the fact of a prior and lower paid employment during the base year. Indeed, we are satisfied that all of these considerations require the contrary result.

In our view the constructional problem arises simply by reason of legislative inadvertence in having failed to amend *N.J.S.A.* 43:21–19(u) at the time of the 1977 amendment of *N.J.S.A.* 43:21–4(e). We conclude, however, that despite the failure of express conformity of the language of the two provisions, the import of the addition of the $2,200 alternative of *N.J.S.A.* 43:21–4(e) must be regarded as having been implicitly incorporated by *N.J.S.A.* 43:21–19(u). That is to say, we are satisfied that when *N.J.S.A.* 43:21–19(u) refers to the most recent employer with whom a claimant has established 20 base weeks, its intention is in actuality to refer to the most recent employer in respect of whom the claimant has established eligibility. Prior to the 1977 amendment of *N.J.S.A.* 43:21–4(e), these concepts were synonymous. As a result of the 1977 amendment the concept of the most recent employer in respect of whom eligibility is established was expanded to include any employer who has paid the claimant a salary of at least $2,200 during the base year. We are convinced, therefore, that if the most recent employer is within that expanded category, it is the salary paid by him which determines the amount of the weekly benefit rate irrespective of whether or not that employment was preceded during the base year by other "eligible" employment. *N.J.S.A.* 43:21–19(u) permits no distinction in benefit rate dependent upon the fact of prior employment in the base year where the

most recent employment was one of at least 20 base weeks. We can perceive no rational basis for drawing such a distinction where the most recent employment establishes eligibility not by reason of duration but rather by reason of income.

Thus, we read the provision of *N.J.S.A.* 43:21–19(u), referring to "that most recent base year employer with whom * * * [the employee] has established at least 20 base weeks" as if its actual verbiage were "that most recent base year employer with whom the employee has established eligibility as defined by *N.J.S.A.* 43:21–4(e)." We are satisfied that this construction of *N.J.S.A.* 43:21–19(u) is consistent both with the intent of the 1977 amendment of *N.J.S.A.* 43:21–4(e) and the salutary remedial purpose of the unemployment compensation legislative scheme. See, *e. g., Hancock v. Board of Review,* 46 *N.J.Super.* 418 (App.Div.1957). Accordingly, we hold that the average weekly salary earned by claimant in her employment by United Airlines is the proper determinant of her benefits.

Reversed and remanded to the Board of Review for a recalculation of claimant's benefits consistent with this opinion.