EVERS, J. T. C.
Township of Mahwah (township) filed an appeal from a judgment of the Bergen County Board of Taxation which found that the County of Bergen (county) was not liable for payment of an omitted assessment. County argues that service of the complaint was defective and thus the complaint should be dismissed. It was agreed that the matter would be disposed of summarily on the basis of briefs and stipulated facts.
On July 25, 1977 the County of Bergen acquired property in the Township of Mahwah from a private party through purchase and sale. Prior to the July settlement county requested an official tax search from township, which furnished it on a form titled “Search for Municipal Liens.”
*481 Following the closing of title and delivery of deed, county received tax bills totalling approximately $7,900 for an omitted assessment covering rollback taxes. The tax search conducted by township and relied upon by county did not disclose the fact that the property had been assessed as farmland.
The duty of a municipality to disclose tax liens in accordance with the request for a tax search certificate was discussed in Belles v. East Amwell Tp., 2 N.J. Tax 103, 178 N.J.Super. 63, 427 A.2d 1144 (Tax Ct. 1981). Belles concerned a situation where the taxpayer purchased a residence on September 30, 1977. Prior to this date taxpayer requested an official tax search and was notified that there was no outstanding tax liability. Subsequent to the closing taxpayer was notified of an omitted assessment and an added assessment that were based on improvements made to the property in 1973 and 1974. The Tax Court held that the taxing district could not enforce its lien on the property because of the omission of said liability in the tax search. In arriving at his decision Judge Conley stated:
When a proper request for a search for municipal liens has been made, a taxing district must conduct an active examination of its own records for information which could result in or has resulted in a municipal lien on the property as of the date the tax search issues. Tax search officers should be as explicit with respect to possible omitted assessments as they are with respect to possible rollback taxes assessed pursuant to the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq. If any such municipal lien is not disclosed on the tax search certificate, the municipality waives the right to enforce it against the purchaser of the property. This is a straightforward system with an effective sanction. The municipality with efficient record keeping and a practice of disclosure of potential liens will comply with the purpose of N.J.S.A. 54:5-12 and will avoid the effect of N.J.S.A. 54:5-17.
N.J.S.A. 54:5-17 states:
A bona fide purchaser, lessee or mortgagee who shall acquire for a valuable consideration an interest in lands covered by an official tax search and in reliance on said search shall hold such interest free from any municipal lien and any outstanding certificate of tax sale held by the municipality and any outstanding certificate of tax sale not held by the municipality and not yet recorded within the three month period from date of sale allowed by Section 54:5-51 of the Revised Statutes and not shown on that search, and it shall be the duty of the municipality to obtain at its own cost and expense the discharge of any such outstanding certificate of tax sale not held by the municipality not shown on that search.
*482 County claims that N.J.S.A. 54:5-17 controls and therefore maintains that it has taken the fee interest of the subject property free of any alleged omitted assessment. In construing the applicable statutory provisions, the Court in Belles was not confronted with the issue of a farmland rollback tax because the tax search certificate clearly indicated that the property was not subject to the farmland rollback tax. The tax search certificate found in Belles complied with the mandate of N.J.S.A. 54:5-13, which states in pertinent part:
In addition, the certificate shall state whether the land is being assessed or has been assessed within the three years last past under the Farmland Assessment Act of 1964, P. L. 1964, Ch. 48 (C. 54:4-23.1 et seq.) and may be subject to rollback taxes thereunder.
N.J.S.A. 54:5-12 likewise provides in pertinent part:
... such official shall make an examination of the records of the municipality, and within 15 days after the receipt of the application, issue a certificate certifying ... whether the land is or may be subject to rollback taxes under the Farmland Assessment Act of 1964, P. L. 1964, Ch. 48 (C. 54:4-23.1 et seq.).
These particular provisions demonstrate that the Legislature mandated that taxing districts must pay particular attention to the fact that certain property has been assessed according to the Farmland Assessment Act. Consequently, taxing districts must state definitively whether or not the subject property has been assessed under the Farmland Assessment Act in the last three years. The clear legislative intent of these provisions indicates that if a taxing district neglects to do so, it' waives the right to pursue a rollback tax liability under the Farmland Assessment Act against the purchaser taxpayer.
The instant tax search certificate contains the following printed caveat:
This property is subject to (a) current year’s taxes levied, or to be levied, and not yet certified to by the County Board of Taxation in accordance with Chapter 397, Laws of 1941, N.J.S.A. 54:4-63.1 et seq.; (b) contingent liabilities for Senior Citizen Deductions, if any, N.J.S.A. 54:4-8.40 et seq.; (c) rollback taxes, if any, under the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq.
The form then lists the lot and block numbers of the subject property and recites that the total 1977 assessment was paid and that the 1978 first half taxes were paid, but that said payment was made pursuant to a preliminary tax bill. Immediately *483 beneath this language is rubber-stamped language under the portion of the certificate denominated “Assessments” that states:
This certificate of search is made subject to possible added assessments or omitted assessments as provided by N.J.S.A. 52:4-63.1 to 63.30 (sic, 54:4-63.1 to 63.30) as amended by the Laws of 1974, Chapter 103.[1]
These gratuitous caveats, if given effect, would vitiate the legislative scheme which is intended to be liberally interpreted in favor of the principle of security in land titles. To say simply that property may be subject to various liens and charges, if any, is not enough. Accord, Go-Lit Realty Co. v. Jersey City, 120 N.J.L. 592, 1 A.2d 262 (Sup. Ct. 1938). Compare Kuvin v. Newark, 129 N.J.L. 115, 28 A.2d 271 (Sup. Ct. 1942 ).
Long ago it was stated in Cliffside Park Mtg. Co. v. Englewood, 113 N.J. Eq. 146, 166 A. 36, (Sup. Ct. 1933), aff’d per curiam 115 N.J. Eq. 289 170 A. 646 (E. & A. 1933), that
The legislative purpose in enacting the legislation in question was to protect investors, either grantees or mortgagees or real estate, by providing for a certificate as to tax and assessment liens on which they can safely act, whether such certificate be furnished directly to a grantee or mortgagee, or to an agent employed to obtain it. Section 59 of the act [N.J.S.A. 54:5-3] provides that the act shall be taken as a remedial statute, to be liberally construed to effectuate the remedial object thereof. [113 N.J. Eq. at 149, 166 A. 36]
Thus, it is beyond question that the municipal tax search officer cannot merely rest upon preprinted, rubber-stamped forms that merely note potential tax liability without specifying the precise character and amount of that liability. In order to place prospective parties covered under N.J.S.A. 54:5-17 on notice, municipal tax search officers must definitively state the tax status of the subject property in order to effectuate the unequivocal remedial nature of this statute.
*484 Accordingly, I hold that the tax search certificate issued by the township herein was insufficient to put the county on notice as to the presence of rollback taxes pursuant to the Farmland Assessment Act, even though the said taxes were a lien on the subject property pursuant to N.J.S.A. 54:5-6, as of the first day of January of the year for which the taxes were assessed.
County’s motion is granted. The clerk of the Tax Court is directed to enter judgment dismissing the complaint and affirming the judgment of the county board. Under the circumstances, the court need not consider county’s claim concerning defective service of the complaint.

This caveat is perplexing since in Kuvin v. Newark, 129 N.J.L. 115, 28 A.2d 271 (Sup. Ct. 1942), it was held that assessments in this connotation are not to be understood in the sense of being preliminary to the application of a tax rate and the ascertaining of a tax. It connotes a special benefit in terms of a local improvement, j.e., sewer, street, etc. Assessments in this sense are not levied by way of the Added or Omitted Assessment Act, as cited in this caveat.