LASSER, P. J. T. C.
This action seeks to set aside the imposition of rollback tax under the Farmland Assessment Act, on the ground that plaintiff purchaser relied on a tax search certificate which failed to disclose the existence of rollback tax liability. On December 30, 1977 plaintiff purchaser, hereinafter referred to as “taxpayer”, purchased property located at East Oak Street in Bernards Township. By judgment dated June 8, 1978 the Somerset County Board of Taxation imposed rollback tax for the years 1976, 1977 and 1978 on taxpayer’s property.
Taxpayer purchased said property for the purpose of building a pumping station. The property purchased was a portion of the Bernards Township property owned by George and Madeline Thomas. The Thomas house was located on the southwest *431 corner of the Thomas property and was the subject of a regular assessment. The balance of the Thomas property was qualified farmland and was assessed pursuant to the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq. The tax map showed the Thomas property as Block 94, Lot 1, a single parcel. However, on the tax records two assessments were carried for Lot 1 the regular assessment on the house portion of the property, identified on the tax records as Lot 1, and the farmland assessment for the balance of the property, identified on the tax records as Lot IQ. The property purchased by taxpayer was located within the Lot IQ area assessed as farmland.
On August 25, 1977, prior to taxpayer’s purchase of a portion of the Thomas property, taxpayer’s attorney requested a tax search on Block 94, Lots 1 and IQ. The taxing district’s tax search officer prepared and furnished taxpayer’s attorney with tax search No. 344 covering Block 94, Lot 1, and tax search No. 345 covering Block 94, Lot IQ. Both searches were dated August 29, 1977. Search No. 345 stated that Lot IQ had been assessed within the last three years as qualified farmland and was subject to rollback tax liability under the Farmland Assessment Act.
On November 3, 1977 R.C. Search Co. Inc. requested a tax search on Block 94, Lot 1 on behalf of the taxpayer. The tax officer prepared and furnished to R.C. Search Co. Inc. tax search No. 406 dated November 11, 1977, which covered property designated as Lot 1. This search indicated that the property was not, and had not been within the last three years, assessed as qualified farmland under the statute. Search No. 406 apparently reported only on the tax status of the residential portion of the property (Lot 1) and not on the qualified farmland portion (Lot IQ).
At the trial no witnesses were presented. The only evidence that was submitted was stipulated by the parties and consisted of the closing statement dated December 30, 1977, correspondence with the tax collector concerning tax search requests, tax searches Nos. 344, 345 and 406, and an affidavit of the assistant tax collector reciting the aforementioned events.
*432 Taxpayer contends that it had the right to rely on the November 11, 1977 tax search requested by R. C. Search Co. Inc., which failed to indicate the existence of any farmland assessment. It contends that the failure of the search to disclose rollback tax liability, and taxpayer’s reliance thereon, entitles taxpayer to the protection of N.J.S.A. 54:5-17 and "relieves it of any obligation to pay rollback tax.
N.J.S.A. 54:5-17 provides, in pertinent part,
(a) bonafide purchaser ... who shall acquire for a valuable consideration an interest in lands covered by an official tax search and in reliance on said search shall hold such interest free from any municipal lien and any outstanding certificate of tax sale held by the municipality. ...
N.J.S.A. 54:5-17 must be read in conjunction with N.J.S.A. 54:5-12 and N.J.S.A. 54:5-13, which describe the type of information which must be contained in the tax search certificate. According to N.J.S.A. 54:5-12, the examining official must search the records of the property and determine whether any municipal liens or charges have been levied or assessed against the property “and whether the land is or may be subject to rollback tax under the Farmland Assessment Act of 1964, P.L. 1964, Chapter 48 (C.54:4-23.1 et seq.).” N.J.S.A. 54:5-13 contains a similar provision but adds the requirement that the certificate state whether the property has been assessed under the Farmland Assessment Act within the “3 years last past.” Taxing district contends that N.J.S.A. 54:5 — 17 is not applicable because there was no municipal lien for rollback tax at the time the tax search was requested, there being no change in use from farmland at the time of the request. Taxing district also contends that taxpayer’s attorney received notice in the August 1977 tax search that the property was subject to rollback tax and therefore taxpayer could not rely on the later tax search provided to the title search company.
Taxing district’s contention that no municipal lien existed at the time the tax search certificate was issued to R. C. Search Co., and therefore the tax collector had no duty to give notice of rollback tax, is without merit. N.J.S.A. 54:5 — 12 states that the certificate must inform the taxpayer “whether the land is or *433 may be subject to rollback taxes” (emphasis added). Although there is no evidence in the record of when the change in use actually occurred, N.J.S.A. 54:5-12 makes resolution of that question unnecessary since it is the tax collector’s duty to inform a taxpayer that his property “may be” subject to rollback tax.
 Taxing district also contends that the taxpayer may not ignore the tax search issued to its attorney and instead rely on the search received by the title search company, which was silent on the question of rollback tax. Knowledge of an agent is imputed to the principal whenever the principal, if acting for himself, would have received notice of the information known to the agent. Heake v. Atlantic Cas. Ins. Co., 15 N.J. 475, 482, 105 A.2d 526 (1954). In the absence of an express provision to the contrary, the notice required by a statute depends on the wording of that statute with respect to its purpose and intent. Frantz Equipment Co. v. Anderson, 37 N.J. 420, 430, 181 A.2d 499 (1962). Taxpayer’s attorney was taxpayer’s agent for the purpose of this transaction. Information obtained by taxpayer’s attorney during the existence of this agency relationship is imputed to the taxpayer. Weir v. City Title Ins. Co., 125 N.J.Super. 23, 31, 308 A.2d 357 (App.Div.1973); Colegrove v. Behrle, 63 N.J.Super. 356, 364, 164 A.2d 620 (App.Div.1960).
The intent of the statute requiring notice of possible rollback tax liability is to inform prospective buyers of the existence or absence of outstanding municipal liens prior to the consummation of a real property transaction. Mahwah Tp. v. Bergen Cty., 2 N.J. Tax 479, 482 (Tax Ct.1981); Belles v. East Amwell Tp., 2 N.J. Tax 103, 111 (Tax Ct.1981); Kuvin v. Newark, 129 N.J.L. 115, 117-118, 28 A.2d 271 (Sup.Ct.1942); Go-Lit Realty Co. v. Jersey City, 120 N.J.L. 592, 594, 1 A.2d 262 (Sup.Ct.1938); Cliffside Park Mtg. Co. v. Englewood, 113 N.J.Eq. 146, 166 A. 36 (Sup.Ct.1933), aff’d per curiam 115 N.J.Eq. 289, 170 A. 646 (E. & A.1933).
In the present case taxpayer’s attorney requested and received notice that Lot IQ may be subject to rollback tax liability. This information is imputed to the taxpayer. NJ.S.A. *434 54:5 — 17 grants protection from tax liability to a purchaser who relies on a tax search. However, the purchaser may not elect to rely on a tax search which fails to disclose rollback tax liability if he has received a tax search which reveals such liability.
The complaint of the taxpayer contesting the rollback tax for the years 1976, 1977 and 1978 is dismissed and the Clerk of the Tax Court will enter judgment accordingly.