LARIO, J.T.C.
Plaintiffs have filed an appeal from a judgment entered by the Camden County Board of Taxation granting to Voorhees Township rollback tax assessments in the amount of $500,000 for land and $2,800,000 for improvements, totaling $3,300,000, *585 for each of tax years 1976 and 1977 on property known as Block 160, Lot 1 on the township’s tax map.
Plaintiffs now move for summary judgment declaring the assessment for rollback taxes void.
At first, both parties set forth alleged assessment facts in their respective affidavits which were obviously incorrect. Subsequently, at oral argument and by additional written submissions, the material facts were finally ascertained and stipulated. Since all the material facts have now been agreed to, this matter is ripe for resolution and should be disposed of summarily. R. 4:46. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954).
N.J.S.A. 54:4-23.8, the section of the Farmland Assessment Act which deals with rollback taxes, provides in pertinent part
When land which is in agricultural or horticultural use and is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural or horticultural, it shall be subject to additional taxes, hereinafter referred to as roll-back taxes, ... in the current tax year (the year of change in use) and in such of the 2 tax years immediately preceding, in which the land was valued, assessed and taxed as herein provided.
If the tax year in which a change in use of the land occurs, the land was not valued, assessed and taxed under this act, then such land shall be subject to roll-back taxes for such of the 2 tax years, immediately preceding, in which the land was valued, assessed and taxed hereunder.
The factual history for this property as it relates to this motion is as follows: In 1976 and 1977 the subject property was listed on the township tax map as two separate lots, known as lots 1YA and 1YB. Lot 1YA consisted of one acre containing a two-story frame building and barn which was regularly assessed at land — $16,000; improvements — $31,000 for a total of $47,700. Lot 1YB was unimproved farmland of approximately 18.35 acres which had been granted a farmland assessment of $29,000 under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq.
For tax year 1978 the then assessor again granted Lot 1YB a farmland assessment. In early 1978, shortly after taking office, the new assessor concluded that no farmland assessment application for this property for tax year 1978 had been filed *586 with his office; however, he took no action at that time. After the time for the filing of a 1979 farmland assessment application had elapsed, and none having been filed for Lot 1YB, the assessor levied a regular assessment for tax year 1979. Thereafter, having re-checked the files and additionally finding no farmland application for tax year 1977, he concluded that the granting of farmland assessments by the taxing district for the years 1977 and 1978 were incorrect; therefore, he assessed the lot for both years as “omitted” assessments. On appeal to this court the “omitted” assessment procedure utilized by the assessor was ruled improper based on a finding that the lots had not been omitted from assessment but instead the assessor’s action constituted an increase in assessment and that the time for appeal by the taxing district to change or increase the assessment (August 15 of each year) had passed, and possibly the proper procedure was to apply for rollback tax assessments as provided by the Farmland Assessment Act. Cherry Hill Industrial Properties v. Voorhees Tp., 3 N.J.Tax 63 (Tax Ct. 1981). On appeal, the Appellate Division reversed and reinstated both years’ assessments as “omitted” assessments. 186 N.J.Super. 307, 452 A.2d 673 (App.Div.1982). Certification was granted by the Supreme Court who modified the Appellate Division decision by granting only one year as limited by the Omitted Assessment Act, N.J.S.A. 54:4-63.12, and affirmed as modified. 91 N.J. 526, 453 A.2d 850 (1982). Subsequently, Cherry Hill Industrial Properties conveyed the subject property to plaintiff, Eagle Plaza Associates.[1]
In this proceeding it was stipulated that a change in use occurred in tax year 1981; for tax years 1979, 1980, 1981 and 1982, no application for farmland assessment was filed; and, for all four years the property received a regular assessment.
As noted above, by reason of the Supreme Court’s decision in Cherry Hill Industrial Properties, supra, the property also *587 received a regular assessment for the tax year 1978; however, the farmland assessment for 1977 was reinstated.
In February 1983, Voorhees Township filed a complaint with the county board for assessment of rollback taxes against this property, now described as Block 160, lot 1, for tax years 1976 and 1977. Its complaint alleged that the subject property was assessed for tax years 1976 and 1977 pursuant to the provisions of the Farmland Assessment Act of 1964 as qualified farmland at “$11,000,” that there had been a change of use of the property and that “pursuant to N.J.S.A. 54:4-23.8, the property is subject to a rollback assessment of $503,800.” After a hearing the county board entered judgment awarding assessments for rollback taxes in the amount of $500,000[2] for land and $2,800,000[3] for improvements, totaling $3,300,000 for each of tax years 1976 and 1977.
At oral argument on this motion, defendant conceded that the farmland assessment figures of $11,000 for tax years 1976 and 1977 as set forth in its complaint to the county board were incorrect and that the correct original farmland assessment for each year was $29,000, which figure was stipulated by both parties.
This motion raises two issues relating to assessment of rollback taxes as permitted under the Farmland Assessment Act:
1. When a farmland change of use occurs, which prior tax years are subject to a possible assessment for rollback taxes?
*588 2. After a change of use occurs, is there a time limit within which a taxing district must petition the county board of taxation for assessment of rollback taxes?
It has been stipulated that the change of use occurred during tax year 1981. The final year that the land was assessed under the Farmland Assessment Act was 1978; however, as previously stated, by virtue of the Supreme Court’s decision in Cherry Hill Industrial Properties, Inc., supra, the farmland assessment for 1978 was increased to its regular assessment by way of omitted assessment action. As a result thereof, the most recent years that the subject property received qualified farmland assessments were 1976 and 1977. For tax years 1978 through 1981 the property was regularly assessed. Since in the year of the change of use, 1981, the land was not taxed under the Farmland Assessment Act, it is agreed that the first paragraph of N.J.S.A. 54:4-23.8 does not apply; and, instead, if rollback taxes apply it is as a result of the second paragraph which states:
If the tax year in which a change in use of the land occurs, the land was not valued, assessed and taxed under this act, then such land shall be subject to roll-back taxes for such of the 2 tax years, immediately preceding, in which the land was valued, assessed and taxed hereunder. [Emphasis supplied]
It is the township’s position that the applicable two years subject to rollback assessment are 1976 and 1977 “since they were the last two years the property was assessed under the Farmland Assessment Act.”
Contrary thereto, the taxpayers urge that the language of the statute “in such of the tax years immediately preceding, in which the land was valued, assessed and taxed” refers to the two years immediately before 1981, which are tax years 1980 and 1979, and, since for these two years the land was regularly assessed, no rollback is permitted.
The taxpayers further claim N.J.S.A. 54:4-23.9 prescribes the procedure to be followed for the granting of rollback taxes to be the “original method” for the assessment of omitted property as set forth in N.J.S.A. 54:4-63.12, et seq. and since under this procedure the action is required to be filed in the omitted *589 year or the succeeding year, that as applied to rollback taxes the same filing-time limitation applies. Applying the above procedure in this case would require the rollback petition to have been filed in the year 1981, the change of use year, or in the succeeding year, 1982.
The township answers that although omitted assessments have the time limits as set forth above, rollback assessments are specifically excluded from time filing constraints by reason of N.J.S.A. 54:4-23.9 which states
Such procedures shall apply to each tax year for which rollback taxes may be imposed, notwithstanding the limitations prescribed in section 1 of said chapter. [N.J.S.A. 54:4-63.12] respecting the periods for which omitted property assessments may be imposed.
The taxpayers reply that this latter statute does not address itself to the time within which the petition may be filed but instead applies solely to the number of years which may be included for rollback taxes, i.e., this act permits rollback assessments to be applied for a maximum of three years instead of only the “one plus one year”[4] as limited in the omitted assessment act.
Before the second issue presented can be properly addressed and analyzed it is necessary to first determine which years are subject to farmland rollback taxes.
The township agrees with plaintiffs that under the first paragraph of N.J.S.A. 54:4-23.8, where the change of use occurs in a year when the property was being assessed and taxed under the Farmland Assessment Act, the municipality is limited to seeking a rollback for the change in use-year and the two years immediately preceding the change in use-year. However, it differs with respect to the construction of the second paragraph which applies where a change occurs in a year when the property is not receiving the farmland assessment. Defendant contends that this latter paragraph is ambiguous with respect to the years under which rollback taxes could be as *590 sessed and argues that to interpret the statute in a way that would limit rollback assessments to the two years immediately prior to the change in use-year, frustrates the purpose of the act. It urges that the Legislature intended “to protect against abuse of the Farmland Assessment System by land speculators”; therefore, the only logical interpretation of this section is that rollback taxes are to be assessed for the last two years in which the property was assessed as farmland regardless of how many years later the change of use occurs. Thus, under its construction of the statute, the plaintiffs’ property would be subject to rollback taxes for 1976 and 1977 since these were the last two years the property was assessed as farmland.
Defendant concedes that where the change of use-year had the benefit of the farmland assessment, the first paragraph limits the rollback years to the two years immediately preceding the change of use year but denies this interpretation for the second paragraph.
The words used in both paragraphs are identical, to wit: “the two tax years immediately preceding.” In construing revenue legislation, words contained in a statute are to be given their ordinary and primary meaning, absent specific intent to the contrary. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526, 197 A.2d 673 (1964); 3A Sutherland, Statutory Construction, (1973), § 66.01 at 179.
Webster’s Ninth New Collegiate Dictionary (1983) defines “immediately” as: “(1) in direct connection or relation; (2) without interval of time,” at 601, and defines “preceding” as: “that immediately precedes in time or place.” At 925. There is nothing about the use of these words that is ambiguous.
It is well settled that a clear and unambiguous.statute is not open to interpretation or construction. In re Jamesburg High School Closing, 83 N.J. 540, 416 A.2d 896 (1980); Duke Power Co. v. Patten, 20 N.J. 42; 118 A.2d 529 (1955), and that where the plain language of a statute is clear and unambiguous, suggesting a certain result, and there is no indication of intent to the contrary, - courts must enforce the statute as *591 written. MacMillan v. Taxation Div. Dir., 180 N.J.Super. 175, 177, 434 A.2d 620 (App.Div.1981), aff’d 89 N.J. 216, 445 A.2d 397 (1982). Courts have refused to resort to extrinsic evidence in aid of construction when the statute is unambiguous, and in such a case it must speak for itself and be construed according to its terms. Sheeran v. Nationwide Mut. Ins. Co., Inc., 80 N.J. 548, 404 A.2d 625 (1979); Hancock v. Board of Review, 46 N.J.Super. 418, 134 A.2d 775 (App.Div.1957); Lopez v. Santiago, 125 N.J.Super. 268, 310 A.2d 500 (App.Div.1973); Feld v. Taxation Div. Director, 3 N.J.Tax 476 (Tax Ct.1981).
Pertaining to which years are subject to rollback, this court can extract no distinction between the legislative intent as expressed in the first paragraph and that intent as expressed in the second paragraph. The reason and necessity for the second paragraph of the statute is obvious, for without it a farmland assessed taxpayer could successfully evade rollback assessments by merely not applying for a farmland assessment in the year of the contemplated change of use. The Legislature remedied this possible loophole by making the rollback taxes applicable even where the change occurred in a year when the farmland assessment was not invoked; however, the designation for the two preceding years to be charged are identical in both sections of the statute.
Despite the identical language utilized in both paragraphs of the statute, defendant contends that to similarly interpret them could result in a frustration of the Legislature’s intent in that it would encourage developers to escape rollback taxes by intentionally failing to apply for a farmland assessment on farmland for several years before changing its use. Defendant’s contention is without merit. The municipality is precluded from assessing rollback taxes against land which was regularly assessed because such an action would result in an additional assessment of zero. If for two years immediately preceding the change in use-year the land were not farmland assessed, the municipality has enjoyed the benefit of full and regular assessments for those two years in which the developer failed to file under the Farmland Assessment Act. There is no *592 difference in tax dollars received by a taxing district between the situation where a farmland assessment was granted for the two prior years then rebated by way of rollback taxes and the situation where the application was not filed and full regular taxes for the two prior years were paid. In fact, the taxing district benefits in the latter situation since it receives the tax money quarterly in advance within the tax year; whereas, when rollback taxes apply, it receives the tax dollars more than one and two years later, without the benefit of interest. Moreover, it is impractical to assume that a developer would own and devote land to farmland for several years without applying for a farmland assessment despite the fact that the property is qualified for farmland, pay regular taxes, and then, in a later year, execute a change in use — all with the intent of escaping future rollback taxes. In such a situation he is not escaping rollback taxes but instead is relinquishing his right to farmland assessment for two years prior to the change of use year, which, in effect, is the same as granting rollback taxes in advance.
The Legislature by combining the words “immediately” and “preceding” exhibited a definite and emphatic intent that there is to be no time interval between the change of use-year and “such of the two tax years” referred to in the statute. Additionally, if the Legislature intended rollback taxes to apply to any two prior years, its use of the words “such of” would be superfluous and of no effect. Their inclusion clearly directs that rollback taxes apply only if the property were assessed as farmland for either one or both of the two immediately preceding years. This intent, as interpreted, follows the legislative scheme as directed by N.J.S.A. 54:5-12 and -13 which pertain to the issuance of tax search certificates by the municipality. N.J.S.A. 54:5-12 provides in pertinent part
such official shall make an examination of the records of the municipality, and within 15 days after the receipt of the application, issue a certificate certifying ... whether the land is or may be subject to rollback taxes under the Farmland Assessment Act of 1964, P.L. 1964, Ch. 48 (C. 54:4-23.1, et seq.).
N.J.S.A. 54:5-13 further provides in part:
*593 In addition, the certificate shall state whether the land is being assessed or has been assessed within the 3 years last past under the Farmland Assessment Act of 1964, P.L. 1964, Ch. 48 (C. 54:4-28.1, et seq.) and may be subject to rollback taxes thereunder. [Emphasis supplied]
 The intent of these statutes is to require that notice of the existence or absence of possible rollback-tax liens be given to potential buyers prior to purchase. If defendant’s contention were accepted this intended protection to innocent buyers would be completely negated. Commonwealth Water Co. v. Bernards Tp., 3 N.J.Tax 428, 433 (Tax Ct.1981); Mahwah Tp. v. Bergen County, 2 N.J.Tax 479, 482 (Tax Ct.1981). Moreover, as noted by the court in Mahwah, these provisions
demonstrate that the Legislature mandated that taxing districts must pay particular attention to the fact that certain property has been assessed according to the Farmland Assessment Act. Consequently, taxing districts must state definitively whether or not the subject property has been assessed under the Farmland Assessment Act in the last three years, [at 482; emphasis supplied].
See also, Belles v. East Amwell Tp., 178 N.J.Super. 63, 2 N.J.Tax 103, 427 A.2d 1144, (Tax Ct.1981).
By these statutes the municipality is not burdened with an indefinite search but instead must search back only three years. This three-year limitation corresponds to the overall breadth of both the first and second paragraphs of the statute under consideration.
It is the conclusion of this court that N.J.S.A. 54:4-23.8 expressly limits the tax years which might be subject to assessment for rollback taxes to those two years which, without interval of time, immediately precede the year in which the change in use of the land occurred. In this case the two years are 1979 and 1980. For these two years the assessments placed on the subject property were not farmland assessments but instead were regular assessments; therefore, the defendant is not entitled to any additional taxes for these years. Since this conclusion results in voiding the rollback taxes levied, the second objection raised by plaintiffs is moot. Plaintiffs’ motion is hereby granted and summary judgment will be entered reversing the judgment of the county board and voiding the assessments entered for tax years 1976 and 1977.

The date of conveyance was not placed in evidence.

There is no indication whether the county board gave credit to the taxpayer for the original farmland assessment, and, if so, whether it utilized the §11,000 figure, the assessment alleged in the municipality’s petition to the county board, or $29,000 the stipulated original farmland assessment.

The farmland assessment act grants the benefits of farmland assessment to land only. N.J.S.A. 54:4-23.2, and -23.8 permits rollback tax assessments against the land only. Since the county board failed to accompany its judgment with any findings of fact or conclusions of law, it is not clear how, or by what authority, the board levied this rollback assessment on improvements at this figure.

As applied to this property by the Supreme Court in its recent modification. Cherry Hill Industrial Properties, Inc., supra.